# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2020

Lyle W. Cayce
Clerk

No. 20-50136
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Fernando Vazquez-Aranda, *also known as* Jose Vasquez, *also known as* Jose Fernando Aranda-Vazquez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CR-211-1

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Jose Fernando Vazquez-Aranda appeals his conviction for illegal reentry into the United States. He argues that the enhanced sentencing range in 8 U.S.C. § 1326(b) is unconstitutional because a prior conviction is an

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50136

element of the offense that must be alleged in the indictment and found by a jury beyond a reasonable doubt. He concedes that the issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he wishes to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed by *Almendarez-Torres*. Alternately, the Government requests an extension of time to file its brief.

In *Almendarez-Torres*, 523 U.S. at 226-27, the Supreme Court held that a prior conviction used to enhance a sentence under § 1326(b) is a sentencing factor, not an element of the offense, and thus need not be alleged in the indictment. Following *Almendarez-Torres*, the Court held that facts used to increase a sentence beyond the statutory maximum must be alleged in the indictment and proved to a jury, except for the fact of a prior conviction. *See Apprendi v. New Jersey*, 530 U.S. 466, 476, 490 (2000). *Apprendi* and subsequent Supreme Court cases did not overrule *Almendarez-Torres*, which remains binding precedent. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir. 2005). Accordingly, Vazquez-Aranda's sole appellate argument is foreclosed by *Almendarez-Torres*.

Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.